UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| **WESTLEY DALE RASOR** **#124760,** | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 2:20-cv-00008 ) ) |
| **PUTNAM COUNTY JUSTICE CENTER,** | ) ) ) |
| Defendant | ) |

## MEMORANDUM OPINION AND ORDER

Westley Dale Rasor, an inmate of the Putnam County Justice Center in Cookeville, Tennessee, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1), and an application to proceed in district court without prepaying fees and costs. (Doc No. 2.) The case is before the Court for a ruling on the application and for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### I.     APPLICATION TO PROCEED AS A PAUPER

Under the PLRA, 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from Plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), Plaintiff is nonetheless assessed the $350.00 civil filing fee. The custodian of Plaintiff's trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month

period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the Clerk of Court. 28 U.S.C. § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the Administrator of the Putnam County Justice Center to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

## II.　　INITIAL REVIEW OF THE COMPLAINT

**A.　　Standard for Initial Review**

Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citing Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus,

2

551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. Wurzelbacher v. Jones-Kelley, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

**B.    Plaintiff's Allegations**

Plaintiff complains about a variety of alleged jail conditions, including inadequate fire safety precautions, mold in vents, cold temperatures and only one blanket, and sharing a single cell with another inmate, which requires him to sleep in the floor under a table. (Doc. No. 1 at 4–10.) He also alleges that his right to practice his Nation of Islam religion is being violated because jail staff will not: (a) notify him five times a day when it is time to pray; (b) allow him out of his cell (in which he says there is inadequate floor space) to pray; (c) point him to due East/Mecca so his prayers can be heard; or (d) provide him with a Quran, even though Bibles are provided for free. (Id. at 6, 8, 10.)

Plaintiff names the Putnam County Justice Center as his only Defendant and seeks $150,000 in damages.

**C.     Analysis**

Plaintiff cannot sue the Putnam County Justice Center under Section 1983. It is well established that a jail is not a "person" subject to suit under Section 1983. See Watson v. Gill, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); Travis v. Clinton Cnty. Jail, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right."). Even if the Court were to liberally construe the complaint against the jail as a complaint against Putnam County itself, a local government like Putnam County is not liable under Section 1983 unless the alleged violation occurs pursuant to the government's policy or custom. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 692 (1978). In this case, Plaintiff has not alleged that any of the claimed violations was pursuant to county policy.

For example, the Court cannot infer from the mere fact that Plaintiff *personally* has not been given a Quran, or provided with sufficient space to pray, that those alleged deprivations are the result of a Putnam County ban on providing prayer space or Qurans. Accordingly, those allegations that might otherwise state colorable claims for violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, or Plaintiff's Fourteenth Amendment right to equal protection, cannot proceed against Putnam County in the absence of an underlying county policy that causes those violations.

**III.     CONCLUSION**

For the reasons explained above, this action is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Because it is conceivable that Plaintiff might be able to allege specific facts sufficient to support some of his claims, this dismissal is without prejudice. See Brown v. Matauszak, 415 F.

App'x 608, 615 (6th Cir. 2011) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (internal quotation marks and citations omitted)).

Any appeal of this Order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE